IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY McCRAE and BOBBIE JEAN McCRAY, as Co-Administratrices of the Estate of LEROY McCRAE, SR., | ) ) ) ) | |
| PLAINTIFFS, | ) ) | CASE NO. 2:04-CV-855-F (WO) |
| v. | ) ) | |
| ANDY GARROW, *et al.,* | ) ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Enforce Settlement (Doc. # 28) filed by Defendants to this action on August 4, 2005. Through their counsel of record, Plaintiffs have opposed this motion. The Court has considered the applicable law and the arguments of counsel and finds that the motion is due to be GRANTED.

## FACTS AND PROCEDURAL HISTORY

On August 4, 2004, Mary McCrae and Bobbie Jean McCray (hereinafter "Plaintiffs) filed suit against Andy Garrow and the City of Louisville, Alabama in the Circuit Court of Barbour County, Alabama. Plaintiffs allege that Andy Garrow, a police officer for the City of Louisville, Alabama shot and killed Leroy McCrae, Sr. Plaintiffs bring suit on behalf of Leroy McCrae, Sr.'s estate pursuant to 42 U.S.C. §§ 1983 and 1988 and the Alabama Wrongful Death Act. Plaintiffs also set forth claims in their Complaint for various other Alabama torts. In addition to filing this action on behalf of Plaintiffs, Plaintiffs' counsel

called a press conference at which they discussed the case with the news media.

Defendants timely removed the lawsuit to this Court.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  There is no dispute as to personal jurisdiction or venue.  Plaintiffs' counsel filed a motion to remand.  This Court denied that motion.  The parties began discovery, including depositions of various witnesses.

Following the depositions, Plaintiffs met with their counsel to discuss the case. During the meeting, Plaintiffs' counsel recommended to Plaintiffs that their case be dismissed.  Plaintiffs agreed with this recommendation and agreed to allow Plaintiffs' counsel to dismiss their case against Defendants.  With Plaintiffs' agreement, Plaintiffs' counsel contacted Defendants' counsel to inform them of Plaintiffs' desire to dismiss the action[1] and to seek an agreement to settle the case that would protect Plaintiffs and their counsel from any claims, lawsuits or negative publicity from Defendants as a result of the decision to dismiss the case.  After discussions with Plaintiffs' counsel, Defendants' counsel drafted a release and a joint stipulation of dismissal and sent the documents by email to Plaintiffs' counsel for approval on June 13, 2005.

On June 15, 2005, Plaintiffs' counsel sent an email to Defendants' counsel which clearly approved the proposed joint stipulation of dismissal and proposed certain changes to the release.  On June 16, 2005, Defendants' counsel responded that the changes to the release

---

[1]  Due to the procedural posture of the case, Plaintiffs could not have unilaterally dismissed this action.  *See* Fed. R. Civ. P. 41(a).

which Plaintiffs' counsel had made were acceptable.  It was agreed that Defendants counsel

would present the documents to his clients first.   Accordingly, Defendants' counsel

forwarded the documents to the City of Louisville's regular attorney so that the city council

could consider the documents at its next meeting.  On June 21, 2005, the City of Louisville

City Council passed a resolution approving the settlement of this lawsuit.  After Defendants

and their counsel had signed the settlement documents, Plaintiffs refused to sign the

documents.  Plaintiffs told their counsel that they would not sign the settlement agreement,

but that the action could be dismissed.  Plaintiffs also told their counsel that they wanted

another lawyer to look at the case.  Plaintiffs' counsel explained that the dismissal of the

action would preclude another attorney from pursuing the matter on Plaintiffs' behalf.

Despite having previously authorized the dismissal of this action, Plaintiffs remained firm

in their new position that they wanted to continue with the case with a new attorney.

Plaintiffs' counsel filed a motion seeking leave to withdraw their representation.

Defendants filed the instant motion seeking to enforce the settlement to which they

believe all parties agreed.  This Court directed Plaintiffs' counsel to show cause why the

Motion to Enforce Settlement (Doc. # 28) should not be granted.  Plaintiffs' opposition to

the Motion to Enforce Settlement in no way calls into question the fact that Plaintiffs

authorized their counsel to negotiate the settlement of this lawsuit.  Indeed, Plaintiffs'

counsel argues that the settlement agreement should not be enforced because while it was

negotiated on behalf of Plaintiffs by their counsel acting with their authorization, the

settlement agreement was not signed by Plaintiffs or their counsel.  Plaintiffs' counsel cites

no law in support of this position.

## DISCUSSION

The Motion to Enforce Settlement calls upon this Court to determine whether the

actions of Plaintiffs' counsel in this matter bound Plaintiffs to the settlement negotiated.  "In

general, the law of contracts governs the construction and enforcement of settlement

agreements." *Hayes v. National Serv. Indus.,* 196 F.3d 1252, 1254 (11th Cir. 1999) (citing

*Blum v. Morgan Guar. Trust Co.,* 709 F.2d 1463 (11th Cir. 1983)).  The law of the state in

which the settlement was reached applies to the construction and enforceability of settlement

agreements, even when the underlying action is predicated upon federal law.  *See, e.g.,*

*Hayes,* 196 F.3d at 1253-54.

Alabama law provides that Section 34-3-21 of the Alabama Code governs the validity

and enforcement of settlement agreements reached between parties at the trial-court level.

*See, e.g., Ex parte Sims,* 627 So. 2d 380 (1993); *Harris v. Preskitt,* No. 2031016 & 2031144,

2005 WL 564037 at *4 (Ala. Civ. App. Mar. 11, 2005).  That section provides that "[a]n

attorney has authority to bind his client, in any action or proceeding, by any agreement in

relation to such case, made in writing, or by an entry to be made on the minutes of the court."

Ala. Code § 34-3-21 (1975).  This provision does not require a written settlement agreement

signed by plaintiff for a settlement to be enforceable against plaintiff.  *See, e.g., Spurlock v.*

*Pioneer Fin. Servs., Inc.,* 808 F. Supp. 782, 783 (M.D. Ala. 1992).  Indeed, this section's

requirement of an agreement made in writing can be satisfied by an exchange of correspondence between counsel manifesting a meeting of the minds regarding settlement. *See, e.g., Harris,* 2005 WL 564037 at \*1-\*5; *Mays v. Julian LeCraw & Co.*, 807 So. 2d 551 (Ala. Civ. App. 2001).

The Court is satisfied that the email correspondence exchanged between counsel in this case indicate that counsel had reached an agreement predicated on a meeting of the minds regarding the terms of the settlement.  Moreover, the Court is further satisfied that Plaintiffs' counsel negotiated the settlement agreement with the express authorization of Plaintiffs.  Accordingly, the requirements of Alabama Code § 34-3-21 (1975) are satisfied and there exists a valid, binding, and enforceable settlement agreement.

For the foregoing reasons, it is hereby ORDERED as follows:

(1) The Motion to Enforce Settlement (Doc. # 28) filed by Defendants is GRANTED.

(2) The parties are DIRECTED to abide by the terms and conditions of the settlement agreement.

(3) This case is DISMISSED with PREJUDICE.  A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 19th day of August, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE